[Cite as *Baraga v. McCormick*, 2020-Ohio-3287.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BRIAN F. BARAGA,                          :

      Plaintiff-Appellant,          :

                            No. 108926

      v.                            :

KORRI A. MCCORMICK
(F.K.A. BARAGA),                          :

      Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 11, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Division of Domestic Relations
Case No. DR-11-337522

---

*Appearances:*

Robert Divizmeg, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Plaintiff-appellant, Brian Baraga ("Baraga"), appeals the trial court's modification of his child support order. Finding no merit to the appeal, we affirm.

{¶ 2} Baraga and defendant-appellee, Korri McCormick ("McCormick"), were divorced in 2011. They had one child together, N.B., who was born in 2009.

As part of the original divorce decree, Baraga was ordered to pay McCormick child support in the amount of $400 a month plus a two percent processing charge.

{¶ 3} In 2016, McCormick filed a motion to modify child support. The parties entered into stipulations in lieu of holding an evidentiary hearing. The matter was handled by a magistrate, who recommended granting McCormick's motion modifying child support upwards to $701.64 per month (plus the two percent processing charge).

{¶ 4} Baraga filed objections to the magistrate's decision, claiming that the magistrate erred in calculating both his and McCormick's gross incomes. The trial court overruled his objections to the magistrate's decision and granted McCormick's motion to modify child support with an effective date of April 19, 2019.

{¶ 5} It is from this order that Baraga appeals, raising one assignment of error for our review. McCormick did not file an appellee brief.

> I. The trial court erred by concluding Appellant's income was $77,550.00 and said determination is an abuse of discretion.

{¶ 6} In his sole assignment of error, Baraga contends that the trial court abused its discretion in determining that his income was $77,550 for the 2016 calendar year.

{¶ 7} A trial court's decision regarding child support obligations falls within its discretion. *N.W. v. M.W.*, 8th Dist. Cuyahoga No. 107503, 2019-Ohio-1775, ¶ 16, citing *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). "A

trial court abuses its discretion only when it acts unreasonably, arbitrarily, or unconscionably." *N.W.* at *id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). There is no abuse of discretion where there is some competent, credible evidence in the record to support the trial court's decision. *Trolli v. Trolli*, 8th Dist. Cuyahoga No. 101980, 2015-Ohio-4487, ¶ 29, citing *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 24.

{¶ 8} Baraga contends the trial court abused its discretion in computing his income for 2016. Specifically, Baraga stated that he owns a pool maintenance company and is therefore self-employed. He deposited all his business funds into a bank account and paid business and personal expenses from that single account. In 2016, Baraga deposited $152,983.40 into the account. Of that amount, he asserted he paid out $120,317 for supplies and business-related items. Thus, according to Baraga, his income was not that which the trial court found it to be — $77,550 — but rather $32,666.

{¶ 9} R.C. 3119.01(C)(5)(a) defines "income" for purposes of calculating child support as "the gross income of the parent." R.C. 3119.01(C)(13) defines self-generated income as:

> Gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.

{¶ 10} "A court has authority to rely on information other than a tax return in order to examine business expenses and deductions, especially if the party is

self-employed, and should consider living expenses or other personal use of business funds with 'sharp scrutiny of all available records to prevent avoidance of child support.'" *Hilbert v. Hilbert*, 2016-Ohio-8099, 74 N.E.3d 977, ¶ 11 (12th Dist.), quoting *Marder v. Marder*, 12th Dist. Clermont No. CA2007-06-069, 2008-Ohio-2500, ¶ 64.

{¶ 11} As noted by the trial court in its judgment entry adopting the magistrate's decision, this court has held that when

> computing income for purposes of child support, a court should pay particular attention to the possibility that a spouse who is the sole shareholder of a business is engaged in "creative accounting" designed to cloak net income. Therefore, the court needs to consider all financial data which relates to the operation of that spouse's business.

*Corrigan v. Corrigan*, 8th Dist. Cuyahoga Nos. 74088 and 74094, 1999 Ohio App. LEXIS 2182, 29 (May 13, 1999).

{¶ 12} In this case, the magistrate determined that Baraga had a 2016 gross annual income of $77,550 based upon the cash flow as demonstrated by his 2016 bank statements. The trial court noted that Baraga owned pool maintenance and snow plowing businesses. The trial court found that the magistrate correctly relied on: (1) Baraga's deposits and expenditures in his bank account for 2016 to provide the best determination of his income for the purposes of computing child support and (2) his bankruptcy filing, which reflected that he earned a net income of $5,000 a month with "gross annual income computed to be at least $80,000."

{¶ 13} Baraga's 2016 bank records coupled with his bankruptcy filing show that his income was far greater than that which he claimed. The trial court did not

err when it adopted the magistrate's decision. We find that there was competent, credible evidence to support the trial court's decision and its decision was not an abuse of discretion.

{¶ 14} The sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY EILEEN KILBANE, J., CONCUR